IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
    COMMISSION, )
 )
                        Applicant, )  CIVIL ACTION NO.
 )
        v. )
 )
KB STAFFING LLC., )
 )
                        Respondent. )
 )
_____ )

**APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN
ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

This is an application filed by the United States Equal Employment Opportunity

Commission ("EEOC" or "Commission") seeking an order compelling KB Staffing, LLC.,

("KB Staffing" or "Respondent") to comply with the EEOC's lawfully issued subpoena to

produce documents in an ongoing investigation. In support of this request, EEOC states the

following:

INTRODUCTION

1.  The EEOC is currently investigating a charge of disability discrimination filed against

    KB Staffing under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.

    ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008

    ("ADAAA"), Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in

    scattered sections of 42 U.S.C.), Section 102(b)(5)(A) 42 U.S.C. §12112(b)(5)(A).

2.  The EEOC issued an administrative subpoena seeking documents relevant to its ongoing

    investigation. The subpoena was issued pursuant to Section 107(a) of the ADA, 42

U.S.C. § 12117(a), which incorporates Section 710 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-9 ("Title VII"), which in turn incorporates Section 11 of the National Labor Relations Act, 29 U.S.C. § 161. Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, provides: "The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceedings or investigation requested in such application."

3. To date, KB Staffing has not responded to the EEOC's lawfully issued subpoena. The EEOC therefore applies to this Court to issue an Order compelling KB Staffing to comply with the EEOC's subpoena.

JURISDICTION AND VENUE

4. EEOC is the federal agency charged with the administration, interpretation, and enforcement of the ADA, including the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates Section 710 of Title VII, 42 U.S.C. § 2000e-9.

5. EEOC'S Tampa Field Office is currently investigating Charge No. 511-2013-00602, a charge of disability discrimination, filed against KB Staffing by Charging Party Rose-Marie Porter ("Charging Party" or "Rose-Marie Porter").

6. Jurisdiction is conferred upon the court by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates Sections 706(f)(3) and 710 of Title VII, 42 U.S.C. §§ 2000e-5(f)(3) and 2000e-9, the latter of which incorporates Section 11 of the National

Labor Relations Act, 29 U.S.C. § 161.  Section 11 of the National Labor Relations Act,

29 U.S.C. § 161 provides:

> In case of . . . refusal to obey a subpoena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on . . . shall have jurisdiction to issue to such person an order requiring such person . . . to produce evidence if so ordered . . . and any failure to obey such order of the court may be punished by said court as a contempt thereof.

7. Because the EEOC's staff in its Tampa Field Office is conducting the investigation into the charge of disability discrimination filed against KB Staffing, venue is proper in this Court.

## FACTUAL BACKGROUND

8. On December 13, 2012, Charging Party Rose-Marie Porter filed a charge of discrimination alleging that KB Staffing discriminated against her on the basis of disability when it requested she complete a pre-offer health questionnaire in order to be considered for employment. Charging Party alleges that she was not hired as a result of her refusal to complete the pre-offer health questionnaire. *See* Exhibit A.

9. During the course of the investigation, KB Staffing admitted to seeking a pre-offer health questionnaire from Charging Party as well as other applicants that sought employment with and/or placement by KB Staffing.  KB Staffing stated that the practice of collecting pre-offer health information was a part of their normal practice and procedure.

10. On May 23, 2013, EEOC requested that KB Staffing provide the following documentation as part of its investigation: (1) applicant flow data from January 1, 2009 to December 31, 2012; (2) healthcare questionnaires completed by any and all applicants

from January 1, 2009 to December 31, 2012; (3) healthcare questionnaires completed by all current employees; and (4) the identity of all referred and rejected applicants with a stated reason for their rejection. *See* Exhibit B.

11. KB Staffing objected to the Commission's Subpoena on two grounds: (1) that the request impermissibly exceeded the scope of the charge; and (2) that the request was overbroad in time, and improperly sought information which could not form the basis of a violation because it was outside the operative statute of limitations. *See* Exhibit C.

12. On July 31, 2013, the Commission requested the information again in writing and addressed Respondent's concerns regarding the agency's authority to request said documents as well as the scope and relevance of the documents as they pertained to the allegations raised by Charging Party. *See* Exhibit D.

13. On August 15, 2013, Respondent again refused to provide the documents, citing its previously stated objections. *See* Exhibit E.

14. On December 23, 2013, pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9, which, in turn, is incorporated in Section 107(a) of the ADA, 42 U.S.C. § 12117(a)), the EEOC issued Administrative Subpoena No. MIA-13-04, which was duly served on KB Staffing. The subpoena sought: (1) a copy of health questionnaires for any and all applicants for the three years preceding the charge; and (2) health questionnaires for any and all current employees. *See* Exhibit F.

15. Subpoena No. MIA-13-04 required the Respondent to produce information needed for the EEOC's investigation on or before January 24, 2013.

16. The Respondent filed a Petition to Revoke the Subpoena. *See* Exhibit G.

17. On April 2, 2014, EEOC issued a Commission determination denying Respondent's Petition to Revoke and instructing KB Staffing to submit requested information within twenty days. *See* Exhibit H.

18. Federal Investigator Cynthia Woodruff called KB Staffing's representative to inform him of the Commission's determination. The Commission also faxed a copy of the determination to KB Staffing's representative and sent a copy via U.S. Mail, requesting that Respondent produce the requested documents on or before April 23, 2014. *See* Exhibit I.

19. Respondent did not respond.

20. On or about May 5, 2014, undersigned EEOC Trial Attorney Aarrin Golson contacted Robert Aranda, Esq., Respondent's representative, regarding the company's intent to produce the documents. *See* Exhibit J.

21. On or about May 8, 2014, Mr. Aranda contacted undersigned counsel and continued to express his concerns regarding the subpoena. Although undersigned counsel explained that the Commission denied the Petition to Revoke the Subpoena, believed it was entitled the subpoenaed documents, and intended to seek judicial enforcement of its subpoena, Respondent refused to comply with Subpoena No. MIA-13-04.

22. Respondent's failure to comply with the Subpoena has delayed and obstructed the EEOC's investigation.

23. The accompanying Declaration of Ozzie Black, Deputy Director, filed concurrently herewith, and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application. *See* Exhibit K.

MEMORANDUM OF LAW

"It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." *EEOC v. Kloster Cruise Ltd.,* 939 F.2d 920, 922 (11th Cir. 1991); *see also EEOC v. Tire Kingdom, Inc.,* 80 F.3d 449, 450 (11th Cir. 1996) ("A district court's role in a proceeding to enforce an administrative subpoena is limited."). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that: 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *Kloster Cruise Ltd.,* 939 F.2d. at 922. Once this showing has been made, a court should enforce the subpoena. *Tire Kingdom, Inc.*, 80 F.3d at 450 (upholding the district court's decision ordering employer to comply with EEOC's administrative subpoena where the Court determined the subpoena complied with these three elements); *Solis v. Sea World of Florida*, No. 6:13-cv-2-Orl-RBD-DAB, 2013 WL1365764 (M.D. Fla., March 14, 2013), *report and recommendation adopted by* No. 6:13-CV-2-ORL-37DAB, 2013 WL 1365763 (M.D. Fla. Apr. 4, 2013) (enforcing administrative OSHA subpoenas for testimony relating to ongoing health and safety inspections and violations and overruling objections based on relevance, undue burden and overbreadth).

### 1. The Administrative Subpoena is Within the Agency's Investigative Authority.

Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that the ADA has been violated. *See* 42 U.S.C. § 12117(a)

(incorporating 42 U.S.C. § 2000e-5(b), which provides, "[w]henever a charge is filed by or on behalf of a person claiming to be aggrieved . . . alleging that an employer . . . has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge  . . . on such employer  .  .  . and shall make an investigation thereof."). To effectuate its investigative mandate, Congress has conferred on the Commission broad powers of access to records in the possession of those entities against whom charges have been filed including the authority to subpoena documentary and testimonial evidence in an investigation. *See id.* (incorporating 42 U.S.C. § 2000e-9, which, in turn, incorporates 29 U.S.C. § 161); *see also EEOC v. Alliance Residential Co.*, 866 F. Supp. 2d 636, 640 (W.D. Tex. 2011) ("[t]he EEOC has the authority to issue administrative subpoenas to obtain this evidence and may also request judicial enforcement of subpoenas." citing 42 U.S.C. § 2000e-9). Because the administrative subpoena at issue was issued pursuant to a lawful investigation of a charge of discrimination alleging that the Respondent engaged in disability discrimination in violation of the ADA, the subpoena is within the agency's statutory investigation authority. Thus, the first prong of the test has been satisfied.

## 2.  The Administrative Subpoena is not Indefinite.

EEOC's subpoena requests that KB Staffing produce: (1) "Health Questionnaires for any and all applicants for the three years preceding the charge;" and (2) "Health Questionnaires for any and all current employees." *See* Exhibit F.  These requests specifically identify the *exact document sought* as well as the timeframe in which the documents are sought. Because the information requested by the EEOC's administrative subpoena is specific and clear, and not indefinite, the subpoena should be enforced. *See*

7

*United States v. Florida Azalea Specialists*, 19 F.3d 620, 624 (11th Cir. 1994) (information request not indefinite where request was specific and relevant to the investigation); *EEOC v. Univ. of New Mexico*, 504 F.2d 1296, 1299, 1306 (9th Cir. 1974) (subpoena for personnel files of all employees as of a certain date "sufficiently describe[d] the information sought and [was] not overbroad and unreasonable in scope"); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1251-52, 1259 (E.D. Wis. 1996) (EEOC subpoena was not too indefinite where it sought copies of personnel files, a response to allegations in a Charge of Discrimination, and a statement of reasons for official action); *see also F.T.C. v. Gibson*, 460 F.2d 605, 607 (5th Cir. 1972) (when the language does not appear ambiguous or imprecise on its face nor does it leave any doubt about the identity of the documents whose disclosure is sought, it isn't indefinite or vague). .

### 3. The Information Sought in EEOC's Administrative Subpoena is Relevant to the Investigation.

In administrative subpoena enforcement actions, the relevancy requirement is "not especially constraining." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 113 (4th Cir. 1997) (citing *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1983) which affirmed a district court's order enforcing an EEOC subpoena). The Court in *Lockheed Martin Corp.* clarified that "we [the court] determine relevancy in terms of the investigation rather than in terms of evidentiary standard." *Id.* (internal citations and quotations omitted). And, courts should "defer to an agency's own appraisal of what is relevant so long as it is not obviously wrong." *Id.* (internal citations and quotations omitted); *see also Florida Azalea Specialists*, 19 F.3d at 624 ("The measure of relevance used in subpoena enforcement actions is quite broad. The Supreme Court has stated that courts are obligated to enforce a subpoena if 'the demand is

not too indefinite and the information sought is reasonably relevant.'") (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)). The information requested is relevant to the EEOC's lawful investigation.

### a. EEOC's Subpoena Seeks Information Directly Relevant to Porter's Charge of Discrimination.

First, EEOC has requested the health questionnaires because the information is relevant to Porter's individual discrimination claim. Here, where applicants and employees are required to fill out health questionnaires on an admittedly routine basis, the production of those questionnaires will shed light on whether KB Staffing took an applicant's health and medical history into account as a factor in its hiring and/or placement decisions.

This case is similar to *EEOC v. Konica Minolta Bus. Solutions USA*, 639 F.3d 366 (7th Cir. 2011), where the charging party alleged that his employer subjected him to different terms and conditions of employment on the basis of race and terminated him for filing an internal race discrimination complaint. *Id.* at 367. During its investigation, the EEOC issued a subpoena for the employer's hiring data, including all applications and evaluations for applicants for employment. *Id.* at 368. The Seventh Circuit upheld the subpoena for hiring data, noting that although EEOC was not "saying that Konica had refused to hire him . . . that does not make hiring data irrelevant. The question under *Shell Oil* and its progeny is . . . whether information regarding Konica's hiring practices will 'cast light' on Thompson's race discrimination complaint." *Id.* at 369. According to the Court, "information concerning whether an employer discriminated against other members of the same class for purposes of hiring or job classification may cast light on whether an individual person suffered discrimination." *Id.*

Similarly, in the instant case, EEOC is seeking the health questionnaires of all employees and applicants, as this will cast light on KB Staffing's hiring and placement practices. Indeed, if KB Staffing has a practice of refusing to hire applicants with disabilities and/or perceived disabilities, it will cast light on KB Staffing's treatment of Porter.

   **b.  EEOC's Subpoena Seeks Information Relevant to a Potential Pattern or Practice of Hiring Discrimination.**

Second, the information EEOC seeks is also relevant to determine whether KB Staffing has a pattern or practice of refusing to hire individuals on the basis of disability and/or perceived disability. Significantly, during the course of EEOC's investigation, Respondent admitted that it requires all candidates for employment to complete health questionnaires, prior to placement into an actual position, as part of its normal practices. *See* Exhibit L. KB Staffing's practice of making disability related inquiries of applicants, prior to making an offer of employment, violates the ADA. *See* 29 C.F.R. § 1630.14(b) ("A covered entity may require a medical examination (and/or inquiry) after making an offer of employment to a job applicant and before the applicant begins his or her employment duties . . . ."); EEOC, Enforcement Guidance: Application of the ADA to Contingent Workers Placed by Temporary Agencies and Other Staffing Firms (Dec. 22, 2000), 2000 WL 33407189, *4 ("[A] staffing firm or client violates the ADA if it asks disability-related questions or requires a medical examination of an individual before an assignment to a particular client is made."). Thus, the EEOC's request for health care questionnaires is not merely a "fishing expedition," but an effort on the part of EEOC to investigate facts that suggest potential discrimination on the basis of disability, or perceived disability, on a class basis.

Notably, the Commission need not ignore facts that support additional claims of discrimination if they are discovered during the investigation of a charge. *See EEOC v. UPMC*, 471 Fed. Appx. 96, 100-01 (3d Cir. 2012)("[T]he EEOC is not cabined in its investigation by the specific allegations of and evidence supporting a charge"); *EEOC v. Kronos*, 620 F.3d 287, 297 (3d Cir. 2010) (EEOC "is not required to ignore facts that support additional claims of discrimination). Rather, the EEOC acts to vindicate the public interest generally in preventing employment discrimination, *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980), and has authority to subpoena all relevant information. *See EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 855 (9th Cir. 2009) ("The subpoena need not request only evidence that is specifically relevant to proving discrimination; the requested information need only be 'relevant and material to the investigation.'").

Finally, contrary to KB Staffing's position, the EEOC has authority to subpoena information relevant to systemic discrimination even absent a systemic charge. *See EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 748 (8th Cir. 2011); *see also*, *EEOC v. Cambridge Tile Mfg. Co.*, 590 F.2d 205, 206 (6th Cir. 1979) (per curiam) (holding that the EEOC has authority to investigate a "broader picture of discrimination" that appears during the investigation of an individual charge). Although the present charge does not itself contain class allegations, the EEOC has the right to investigate when the evidence demonstrates a broader or systemic discriminatory practice. Here, production of other health questionnaires will assist the EEOC in determining whether KB Staffing unlawfully takes into consideration a candidate's disability and/or perceived disability when placing individuals into open positions.

11

### c. KB Staffing's Overbreadth Objection Is Not Compelling.

KB Staffing also objects to the request for Health Questionnaires for three years because it exceeds what they say is a one-year statute of limitation for the claims of many of those applicants.[1] As set forth below, however, Respondent's argument cannot be raised at this stage of the proceedings, and incorrectly assumes that the documents are only relevant for the purposes of identifying potential claimants.

First, Petitioner's statute of limitations argument is not a proper defense to an EEOC administrative subpoena. *See EEOC v. U.S. Steel Corp.*, 534 F. Supp. 416 (D.W.V. 1982). As set forth in *U.S. Steel Corp.*:

> The law does not require that EEOC factually demonstrate that it has a case impervious to assault by means of a motion to dismiss on a statute of limitations basis before an agency subpoena will be enforced. . . . If, after EEOC completes its investigation, a decision is made to file a court action in Mr. Profitt's behalf, the matter may then be properly raised. It is not properly raised at this early investigation stage.

---

1 Petitioner's reference to a one year statute of limitations is likely a reference to section 706(e) of Title VII of the Civil Rights Act of 1964 (Act), which requires that a complainant file a discrimination charge within 300 days if the proceedings are initially instituted with a state or local agency having "authority to grant or seek relief." 42 USCS § 2000e-5. If, however, EEOC finds a pattern or practice violation under section 707, there is no express charge filing period, and the Commission may be entitled to relief for all individuals harmed at any time by the pattern or practice. *EEOC v. LA Weight Loss*, 509 F. Supp. 2d 527, 534-36 (D. Md. 2007) (finding that § 706 "[would] not be applied to exclude the EEOC's claims for male applicants rejected prior to the charge-filing deadline" in a pattern or practice action under § 707); *EEOC v. Kovacevich "5" Farms*, No. CV-F-06-165, 2007 WL 1174444, at *2, *19 (E.D. Cal. Apr. 19, 2007) (in § 707 case court denied defendant's motion to limit the eligibility for relief to individuals who were denied employment or deterred from applying after the start of the charge-filing period); *EEOC v. Scolari Warehouse Mkts., Inc.*, 488 F. Supp. 2d 1117 (D. Nev. 2007) (finding that the 180/300 day period of limitation does not apply when the EEOC brings a pattern or practice case and that individuals with allegations dating back to when the pattern or practice began are within the statute of limitations); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926 (N.D. Ill. 2001) (finding that the limitations period applicable in § 706 does not apply in § 707 cases).

*Id.*; *see also Resolution Trust Corp. v. Greif*, 906 F. Supp. 1457, 1468 (D. Kan. 1995) (internal citations and quotations omitted) ("Grief also urges the court to deny enforcement of the subpoenas on the grounds that the potential claims under investigation are barred by the applicable statute of limitations. The law, however, is clear that a party may not defeat an agency's authority to investigate by raising what could be a defense if the agency subsequently decides to bring an action against the party."). Thus, KB Staffing's argument that EEOC cannot obtain information about other potential victims of discrimination, because their claims could be barred by the statute of limitations, is not properly raised at this time.

Next, Petitioner incorrectly assumes that EEOC is seeking information about prior applicants for the sole purpose of identifying additional potential claimants. As set forth above, however, the Health Questionnaires are relevant as they may aid EEOC in determining whether the overall hiring practices in Petitioner's workplace support Porter's individual hiring discrimination allegations. Indeed, evidence that KB Staffing refuses to hire individuals with a disability or perceived disability may provide a context for, and thereby might cast light on, Porter's charge. *EEOC v. UPMC*, 471 Fed. Appx. 96, 100 (3d Cir. 2012); *Konica Minolta Bus*, 639 F.3d at 369.

Finally, courts routinely order production of several years worth of applicant data in response to EEOC subpoenas. *See EEOC v. Roadway Exp., Inc.*, 261 F.3d 634 (6th Cir. 2001) (internal citation omitted) ("[I]t is not uncommon for the EEOC to receive information concerning events that took place up to three or four years before the date when the discrimination allegedly took place. Evidence of hiring and promotion practices prior to the time of the charge provide context to allow the EEOC to determine whether alleged

discrimination actually took place."); *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 644 (7th Cir. 1995) (upholding EEOC subpoena of nearly three years of employment data); *EEOC v. St. John Hosp. & Med. Center*, No. 12–50225, 2012 WL 3887626, * (E.D. Mich. June 1, 2012) (noting that Courts have rejected attempts to limit a subpoena to information regarding employees who were allegedly wronged during the 300 day charge filing period). Accordingly, EEOC's request for three years worth of hiring data is reasonable and relevant to the claims at issue.

## CONCLUSION

As set forth in detail above, Applicant Equal Employment Opportunity Commission has satisfied all the requirements for enforcement of its administrative subpoena.

WHEREFORE, the Equal Employment Opportunity Commission prays:

a) That the Court issue an Order directing the Respondent KB Staffing, LLC to appear before this Court and to show cause, if there be any, why an Order should not issue directing the Respondent to comply with the subpoena within ten (10) days;

b) That the Court retain jurisdiction to ensure KB Staffing complies with the administrative subpoena and any Order issued by this Court; and

c) That the Equal Employment Opportunity Commission be granted its costs and such further relief as may be necessary and appropriate.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel
JAMES L. LEE
Deputy General Counsel

14

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

KIMBERLY A. CRUZ
Supervisory Trial Attorney

s/Aarrin Golson
AARRIN GOLSON
Trial Attorney
Florida Bar No. 892491
U.S. Equal Employment Opportunity
Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1783
Fax: 305-808-1835
aarrin.golson@eeoc.gov

*Attorney for Applicant EEOC*